IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned On Briefs October 1, 2013

## QUAMINE JONES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 06-00391   Chris Craft, Judge**

———

**No. W2012-02108-CCA-R3-PC  - Filed November 22, 2013**

———

Petitioner, Quamine Jones, was convicted of first degree premeditated murder by a Shelby County jury. *See State v. Quamine Jones*, No. W2007-01111-CCA-R3-CD, 2008 WL 4963516, at *1 (Tenn. Crim. App, at Jackson, Nov. 21, 2008), *perm. app. denied*, (Tenn. Apr. 27, 2009). Petitioner's conviction was affirmed on direct appeal, and the supreme court denied permission to appeal. *Id.* Petitioner later sought post-conviction relief on the basis of ineffective assistance of counsel. After a hearing on the petition, the post-conviction court denied relief. Petitioner appeals, challenging the denial of post-conviction relief. After a review of the record, we affirm the judgment of the post-conviction court because Petitioner has failed to demonstrate that the record preponderates against the post-conviction court's findings. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

R. Todd Mosley, Memphis, Tennessee, for the appellant, Quamine Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alexia Crump, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

The following facts are taken from this Court's opinion on direct appeal from Petitioner's first degree murder conviction:

[A] truck driver, testified that on November 7, 2005, a neighbor drove him to the Circle K truck stop at Shelby Drive and Lamar Avenue in Memphis. His load was not yet ready, so he sat in the cab of his truck, which was parked in the parking lot of the truck stop, and began filling out paperwork. He looked to his left and noticed a white passenger truck containing the victim and a woman pull up beside his truck. Seconds later, an eighteen-wheel truck pulled in behind [the truck driver's] truck. [The truck driver] saw [Petitioner] get out of the eighteen-wheel truck and heard him tell the victim to give him his money. The victim told [Petitioner] that he did not have his money, and [Petitioner] told the victim to give him the keys to his truck. [Petitioner] reached into the victim's truck and unsuccessfully attempted to take the keys, then told a woman inside his eighteen-wheel truck to bring his gun to him. After hesitating briefly, the woman brought [Petitioner] a rifle with a scope. [Petitioner] aimed the gun at the victim and instructed him to give him his money or the keys to the truck. [Petitioner] fired one shot into the ground. He continued to argue with the victim for several minutes, then fired a second shot, which hit the victim in the chest. [Petitioner] retreated to his truck and drove away. [The truck driver] walked over to the victim, saw that he was dead, got into his truck, and drove to Florida.

*Id.* At trial, Petitioner's girlfriend testified on behalf of the State. At the conclusion of the trial, Petitioner was convicted of first degree murder and sentenced to life imprisonment. *Id.*

Petitioner claimed on appeal that: (1) evidence of premeditation was insufficient to support his conviction; (2) the indictment should have been dismissed where he was denied a preliminary hearing; (3) the trial court erred in admitting into evidence a photograph of the victim; (4) the trial court erred by allowing testimony of a witness regarding the witness' reluctance to testify; and (5) the State withheld exculpatory evidence regarding a deal made with Petitioner's girlfriend in exchange for her testimony. *Id.* On appeal, Petitioner insisted that he was arrested in Texas on a Shelby County General Sessions warrant and extradited back to Memphis. This Court noted that the issue could only be reviewed for plain error because Petitioner failed to raise it in a motion for new trial. Further, the Court noted that Petitioner failed to provide a record that "clearly establish[ed] what occurred in the trial court regarding this claim and [Petitioner] has not shown that an unequivocal rule of law [was] breached." *Id.* at *4. As a result, this Court declined to consider the merits of the issue. Additionally, this Court noted on appeal that the "State improperly suppressed evidence of the discussions that took place between the prosecutor and [Petitioner's girlfriend] regarding the disposition of the charges pending against her in exchange for testimony." *Id.* at *7. However, this Court determined that because of "the overwhelming evidence against the

defendant, the improperly suppressed evidence was not material in that there was not a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." *Id.* As a result, even though Petitioner showed "that he requested the information, that the State suppressed it, and that it would have been favorable to his defense, he has not shown that it was material and thus has not met his burden of establishing a *Brady* violation in the case." *Id.*

Petitioner subsequently sought post-conviction relief on the basis of ineffective assistance of counsel. Specifically, Petitioner complained that: (1) trial counsel was ineffective for failing to properly investigate Petitioner's girlfriend; (2) trial counsel was ineffective for failing to properly impeach the testimony of Petitioner's girlfriend at trial; (3) trial counsel failed to properly investigate the background of the truck driver witness; (4) appellate counsel failed to call trial counsel as a witness at the motion for new trial hearing; (5) trial counsel failed to adequately prepare for trial; (6) trial counsel failed to obtain DNA evidence; (7) the prosecution failed to disclose evidence favorable to Petitioner, specifically that the State had offered a deal to Petitioner's girlfriend in exchange for her testimony; (8) trial counsel failed to investigate police misconduct; (9) trial counsel failed to object to hearsay testimony; (10) trial counsel failed to investigate alibi witnesses; (11) appellate counsel failed to raise police misconduct on appeal; (12) trial counsel failed to move for dismissal of the indictment due to a failure to conduct a preliminary hearing; (13) trial counsel failed to request to be relieved as counsel; and (14) Petitioner was improperly denied the right to substitute counsel. Petitioner raised these issues for post-conviction relief in a stream of amended petitions for relief.

After counsel was appointed, the post-conviction court held a hearing on the petition. At the hearing, trial counsel testified. Appellate counsel unexpectedly died prior to the hearing on the post-conviction petition.

Trial counsel did not have an independent recollection of a lot of the events at trial. He recalled that he filed a motion to dismiss the indictment on the basis that Petitioner was entitled to a preliminary hearing. Trial counsel testified that he moved to hold the indictment in abeyance while a preliminary hearing was held or for a dismissal of the indictment altogether. Exhibits were introduced showing that the warrant was issued on November 14, 2005, and was executed on February 6, 2006.

Trial counsel recalled without specificity that Petitioner's girlfriend testified at trial, identifying Petitioner as the shooter. Trial counsel did not recall if he questioned Petitioner's girlfriend about discussions she had with the State about getting a deal for her testimony. Trial counsel could not recall if Petitioner's girlfriend was dressed in prison clothing at trial.

Trial counsel did not recall if he objected to testimony by a detective about a cell phone found at the scene of the crime. Apparently, a cell phone was located near the victim's body. The phone contained an outgoing voice mail message indicating that it belonged to "Antwon" or "Twon." Trial counsel was able to make a preliminary objection to the inclusion of any hearsay statements during the detective's testimony. Additionally, trial counsel objected to the detective's testimony about Petitioner's nickname. The trial court overruled both objections.

Trial counsel testified that he prepared and filed a basic motion for new trial in order to preserve appellate review. He was relieved as counsel after the filing of the initial motion. However, trial counsel testified that had he represented Petitioner on appeal, he would have amended the motion to raise the indictment issue. Appellate counsel was hired by Petitioner and a second motion for new trial was filed raising additional issues.

Petitioner testified at the hearing. According to Petitioner, he was in Houston, Texas near the end of 2005 for his sister's funeral. He was arrested around January 2, 2006, after being pulled over for a traffic offense. When Petitioner was pulled over, a search of his name revealed that there was an outstanding fugitive warrant for murder. Petitioner remembered that he went to court several days after his arrest and learned that he was being extradited to Tennessee. Petitioner did not fight extradition; he was returned to Memphis.

Petitioner was, according to his testimony, indicted on January 19, 2006. Petitioner testified that there was a preliminary hearing set but that the hearing never took place. Petitioner also acknowledged that trial counsel filed a motion to dismiss the indictment but insisted that trial counsel never argued the motion.

Petitioner confirmed that his middle name was Twon and acknowledged that trial counsel did object to the admission of testimony about his nickname but claimed counsel did not object to the hearsay testimony from the detective about what he heard on the cell phone recovered at the scene.

Petitioner recalled that his girlfriend was a witness at trial. He thought that she was dressed in prison attire. Petitioner did not recall trial counsel asking her if she had worked out a deal with the State.

After the conviction, Petitioner stated that he sought leave of the court to remove trial counsel because counsel was not prepared. Appellate counsel represented Petitioner at the hearing on the motion for new trial and on appeal. Petitioner testified that his conviction was affirmed on appeal.

At the conclusion of the post-conviction hearing, the post-conviction court took the matter under advisement. In an order, the post-conviction court denied relief, finding: (1) Petitioner failed to produce evidence to show that trial counsel was unprepared for trial; (2) Petitioner failed to show that any exculpatory evidence existed other than that which was discussed at length by this Court on direct appeal; (3) trial counsel was not ineffective for failing to investigate witnesses, obtain DNA evidence, or investigate police misconduct; (4) trial counsel was not ineffective for failing to object to the detective's statement about Petitioner's nickname on the cell phone voice mail where the statement was not testimonial; (5) trial counsel was not ineffective for failing to investigate alibi witnesses where Petitioner failed to show such witnesses exist; (6) the "failure of the State to recall the arrest warrant" after indictment should not result in the setting aside of a valid conviction when there was no bad faith on the part of the State and the evidence against Petitioner was overwhelming; (7) Petitioner failed to show why trial counsel should have been relieved as counsel; (8) Petitioner failed to show that cross-examination of Petitioner's girlfriend about any deal she made with the State would have made a difference at trial; (9) Petitioner failed to offer proof on appellate counsel's failure to argue police misconduct on appeal; (10) Petitioner failed to show prejudice resulted from the failure of appellate counsel to raise any issue with regard to the indictment in a motion for new trial; (11) Petitioner failed to show prejudice on the part of appellate counsel for failing to raise the hearsay issue on appeal; (12) Petitioner failed to show prejudice as a result of the trial court's failure to allow trial counsel to relieve himself of representation at trial; (13) this Court determined on appeal that the failure to overturn exculpatory evidence did not warrant reversal of the conviction; (14) Petitioner failed to offer proof of police misconduct; and (15) Petitioner failed to show proof that there was any conflict between him and his trial counsel that would have warranted substitute counsel. As a result of the findings, the post-conviction court denied relief. Petitioner filed a timely notice of appeal.

## Analysis
### *Post-conviction Standard of Review*

On appeal, Petitioner insists that the post-conviction court improperly denied relief and dismissed the petition. Specifically, he argues that trial counsel was ineffective because counsel failed to properly argue and appeal whether the indictment should have been dismissed for failure to hold a preliminary hearing; trial counsel failed to properly cross-examine Petitioner's girlfriend about the deal she reached with the State; and trial counsel failed to object to a detective's testimony about what he heard when he dialed the voice mail

of a cell phone that was found at the scene of the murder.[1]  Petitioner also argues that appellate counsel was ineffective in failing to raise the indictment issue on appeal.  The State disagrees.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise.  *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).  During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings.  *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997).  This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court.  *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001).  However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness.  *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial.  *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996).  In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases."  *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).  In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).  "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim."  *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings.  *See id.* at 578.  However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the

---

[1] Petitioner does not raise any other issues in his brief, including the multitude of issues he raised to the post-conviction court.  As a result, Petitioner has waived appellate review of these issues.  Tenn. R. App. P. 13(b).

defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

As for appellate counsel, they are not constitutionally required to raise every possible issue on appeal. *Carpenter v. State*, 126 S.W.3d 879, 887 (Tenn. 2004). That decision is within appellate counsel's discretion and "should be given considerable deference . . . if such choices are within the range of competence required of attorneys in criminal cases." *Id.*

Again, Petitioner herein alleges that trial counsel was generally ineffective by failing to get the indictment dismissed where Petitioner was denied a preliminary hearing. He also claims that had trial counsel raised this issue in a motion for new trial, he would have prevailed on appeal. The post-conviction court determined that the record showed trial counsel filed a timely motion to dismiss the indictment based on the same argument now advanced by petitioner - Petitioner was arrested in Texas pursuant to a warrant and before the return of the indictment and was therefore entitled to a preliminary hearing. The motion to dismiss was not successful prior to trial. The post-conviction court determined that Petitioner failed to adduce clear and convincing evidence how the pursuit of the same legal argument that trial counsel raised would somehow influence or alter the original decision of the trial court denying the motion to dismiss. We agree. The evidence presented at the post-conviction hearing does not preponderate against the judgment of the post-conviction court. Petitioner is not entitled to relief on this issue.

Likewise, the post-conviction court found that appellate counsel was not ineffective with regard to the indictment issue on direct appeal. This Court recognized that the issue was not raised in a motion for new trial but was raised on appeal via plain error review. The post-conviction court noted that this Court reviewed the issue and found that because the court was unable to determine whether Petitioner moved to dismiss the indictment in a timely manner and there was no evidence in the record to determine bad faith on the part of the State, Petitioner was unable to show the existence of the necessary factors for plain error review. *Quamine Jones*, 2008 WL 4693516, at *4. The evidence does not preponderate against the post-conviction court's determination that Petitioner failed to establish that he would have prevailed on direct appeal had the issue of the indictment been properly raised

in a motion for new trial.  Further, Petitioner failed to establish prejudice.  Petitioner is not entitled to relief on this issue.

Next, Petitioner insists that trial counsel's failure to cross-examine his girlfriend about her discussions regarding leniency with the State in exchange for her trial testimony was ineffective assistance of counsel.  Specifically, he argues that failure on behalf of trial counsel to pursue this line of questioning did not allow the jury to see the true motivation for her testimony.  Although this Court determined on direct appeal that the State improperly suppressed information regarding negotiations with Petitioner's girlfriend, the evidence "was not material in that there was not a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." *Id*. at *7.  Thus, Petitioner failed to establish a *Brady* violation. *Id.*  The post-conviction court summarized this Court's decision on appeal and determined that there was no proof of prejudice, thereby preventing Petitioner from proving ineffective assistance of counsel.  We agree.  There was ample evidence to convict Petitioner without the testimony of his girlfriend and her testimony was subject to impeachment by trial counsel who was able to establish that she smoked crack cocaine prior to the crime.  The evidence does not preponderate against the judgment of the post-conviction court.  Without a showing of prejudice, Petitioner cannot establish both prongs necessary under *Strickland* to show ineffective assistance of counsel. Petitioner is not entitled to relief on this issue.

Finally, Petitioner insists that he received ineffective assistance of counsel for trial counsel's failure to object to Detective William Merrit's testimony about what he heard when he dialed Petitioner's cell phone, found at the crime scene.  The post-conviction court determined that the failure to object to the testimony was not prejudicial where trial counsel had previously objected to the detective's testimony and was overruled.  The evidence does not preponderate against the judgment of the post-conviction court.  In addition to the cell phone found at the scene, two different witnesses identified Petitioner as the shooter.  Petitioner has not shown prejudice as a result of the inclusion of this testimony.  Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE